# Hunter's Appeal.

1. Ross sued Hunter, judgment was rendered for Hunter; this was re-
versed; attachment executions were issued on judgments against Ross, and
judgment recovered against Hunter as garnishee. He did not plead the
attachments to the suit: as the case was about to be again tried, negotiations
for settlement were had and Hunter agreed to confess judgment for $280.
*Held,* that this sum was not subject to the attachments.

2. Hunter obtained a rule to have the judgment entered subject to the
attachments, the rule was discharged. *Held,* to be a decision that the judg-
ment was exclusive of the attachments.

3. The presumption was that the settlement was with understanding that
the confession was exclusive of the attachments.

November 12th 1872. Before THOMPSON, C. J., READ, AGNEW,
SHARSWOOD and WILLIAMS, JJ.

Appeal from the District Court of *Allegheny county:* No. 124,
to October and November Term 1872.

J. & S. S. Ross filed a mechanics' lien to July Term 1868,
against James Hunter for $788.52.

On this lien a scire facias was issued, and on the trial a verdict
was rendered for the defendant; the judgment on the verdict was
reversed in the Supreme Court. On the 16th of January 1869,
J. & S. S. Ross assigned $100 of their claim against Hunter to
J. C. Dicken, Esq.; the assignment was noted on the record. On
the 12th of April 1869, Hartman & Lane recovered a judgment
against J. & S. S. Ross, and an attachment execution was issued
in which Hunter was garnishee: judgment for $21.47 recovered
against him as garnishee on his answer to interrogatories; on the
same day judgment was recovered by John Boyd against J. &
S. S. Ross, and judgment for $20.70 recovered against Hunter
as garnishee in an execution attachment.

On the 5th of October 1869, J. & S. S. Ross assigned to William

Blakely, Esq., $25 of their claim on Hunter. On the 25th of January, and November 1st 1870, they assigned all their claim to J. C. Dicken.

The record then shows the following entry in the case :—

"October 28th 1870, the defendant, per writing filed, tenders judgment in favor of the plaintiffs for $268, and costs of suit up to this day. December 13th 1870, settled by counsel, and defendant confesses judgment in favor of plaintiffs for $280, and all costs except plaintiff's witnesses at this term. December 14th 1870, rule on plaintiffs to show cause why the judgment confessed and accepted in this case should not be marked subject to the execution attachments served heretofore on the defendant, as garnishee of plaintiff, and, in the mean time, all proceedings stayed, and the plaintiff is enjoined from assigning the said judgment, unless subject to the said attachments, and with notice of this rule. March 8th 1871, on argument list, and rule discharged."

On the 13th of June 1871, Hunter was ordered to pay into court the amount of the judgment, to abide the further order of the court. The money having been paid into court, Walter F. Austin, Esq., was appointed auditor to make distribution.

Before the auditor the evidence was, that just as the case was going to the second trial, a negotiation was commenced between the counsel of the respective parties for a settlement. Different sums were offered and demanded, and finally Hunter's counsel agreed to confess judgment to the plaintiff for $280, as stated in the record. There was evidence on the part of Hunter that in the negotiations, it was understood that whatsoever sum might be given, would be subject to the legal effect of the attachments, but that after the confession the obligation to pay them was denied.

On the other side the evidence was that nothing was said about the attachments during the negotiation for settlement, and that the amount for which judgment was confessed would not have been accepted, if it had been understood that the attachments were to be deducted. There was a good deal of evidence on both sides bearing on these points, besides the facts as to the record proceedings and the attachments. The auditor reported :—

"When Mr. Palmer, counsel for Hunter, confessed judgment in this case, it was with the understanding, inferred from conversations with Mr. Dicken, counsel for defendant, that the confession was as a matter of course only in liquidation of the amount claimed by the Rosses at institution of suit, and was to be subject to attachments spoken of, though taking Mr. Palmer's own testimony, there was no explicit agreement to that end, and certainly nothing said about the matter at the time the judgment was confessed. * * *

"On the other hand, Mr. Dicken understood the matter differently, that as the whole amount had been assigned to Gen. Blakely and himself, he considered it only as a confession to them,

[Hunter's Appeal.]

and over and above the attachments, and that he would not have agreed to a confession otherwise, and that Mr. Palmer did not mention the matter at the time. * * *

" The auditor is of the opinion, that the judgment is subject to the attachments, and that Messrs. Dicken and Blakely as equitable plaintiffs took no more than the plaintiff had to give at the date of assignments, and if they knew of the existence of these attachments, it was their duty to have had the payments so marked. The confession having the same effect as the verdict of a jury, it is certainly unreasonable and unjust to make Hunter pay these attachments over and above that verdict. As to the matter of adjudication by the court, the order of court appointing an auditor negatives that position. If the discharge of the rule entitled the Rosses to the fund, why appoint an auditor, or order the money into court?"

The auditor accordingly awarded payment of the attachments out of the land, and after taking out Gen. Blakely's amount and expenses of audit awarded the balance to Mr. Dicken.

Dicken filed exceptions to the report, viz. :—

Awarding payment of the attachments ; not charging the costs of the audit to Hunter.

The court sustained the exceptions to the report, and directed Hunter to pay the costs. Hunter appealed to the Supreme Court and assigned for error, that the court did not allow the attachments, and directed him to pay the costs.

*S. Palmer* and *D. Bruce,* for appellant.—Hunter was not bound to plead the pendency of the attachments in abatement : Brown *v.* Scott, 1 P. F. Smith 57.

*J. C. Dicken* and *W. Blakely,* for appellee.—Hunter not having pleaded the attachments in abatement, is estopped : Maynard *v.* Nekervis, 9 Barr 81 ; Fitzsimmons' Appeal, 4 Id. 248 ; Irvine *v.* Lumbermen's Bank, 2 W. & S. 190 ; Lowry *v.* Lumbermen's Bank, Id. 210.

The opinion of the court was delivered, January 6th 1873, by

WILLIAMS, J.—It is conceded that if the judgment confessed by the appellant is not subject to the attachment executions previously served on him as garnishee of the plaintiffs, then the court was right in sustaining the exceptions to the auditor's report, and decreeing the fund to the plaintiffs' assignees. There is nothing on the record to indicate that the judgment was confessed subject to the attachments. They were not pleaded, nor otherwise brought to the notice of the court. The amount for which the judgment was confessed and accepted, was the result of compromise, as is apparent from the record, and as the evidence

shows.   The case had been previously tried before a jury, and the judgment reversed; and just as it was about to be called for a second trial the judgment was confessed for a sum less than that demanded by the plaintiffs, but exceeding the amount for which the appellant had tendered judgment.   It does not appear that anything was said in relation to the attachments at the time the judgment was confessed, though they had been previously spoken of by the parties; nor is there any evidence showing the basis on which the compromise or settlement was made.   But the next day after the judgment was entered the appellant obtained a rule on the plaintiffs to show cause why the judgment confessed and accepted in this case should not be marked subject to the execution attachments served heretofore on the defendant as garnishee of the plaintiffs, and in the meantime all proceedings stayed, &c. After the lapse of more than three months the court discharged the rule.   This, as it seems to me, was in effect deciding that the judgment was not confessed and accepted with the understanding that it was to be subject to the attachments, or to a credit for the amount of the judgment rendered therein against the appellant as garnishee; and if so, why should he not be bound by the adjudication ?   But if it cannot be regarded as conclusive, it is at least primâ facie or presumptive evidence that the judgment was not confessed subject to the attachments; and as there is nothing to rebut it, it must be accepted as conclusive.   It does not follow that the judgment is subject to the attachments because they were served on the appellant prior to its confession.   His liability for the amount of the attachments had then been fixed by the judgment rendered against him therein; and he may have taken them into account in confessing the judgment.   If he did, it is clear that he is not entitled to have any portion of the money which he paid into court, in discharge of the judgment, applied to the satisfaction of the judgments in the attachments.   The finding of the court below, in whose presence the judgment was given, that it was not confessed with the understanding that it was to be subject to the attachments, is entitled to great weight, and ought not to be reversed or set aside without some evidence tending to show that it was a mistake.   This is not a controversy between the plaintiffs attaching creditors and assignees.   The attaching creditors are not seeking to have the fund applied to the satisfaction of their judgments against the appellant as garnishee of the plaintiffs.   They did not appear before the auditor, and they are in no sense parties to this proceeding.   The appellant is the only party claiming to have the attachments satisfied out of the money in court, and it is clear that he has no right or equity to have the fund so applied if the judgment, as confessed, is not subject to the attachments.   It may be that the appellant confessed the judgment under the impression and belief that it would be subject

to the attachments, but how can we say that this was the understanding of the plaintiffs' assignees, in face of the presumption arising from the record, and the other evidence in the case? If the assignees, as alleged, would not have accepted judgment, subject to the attachments, for the amount for which it was confessed, it would be doing them injustice to apply the fund to the satisfaction of the attachments.

For these reasons the decree of the District Court must be allowed to stand.

Decree affirmed at the costs of the appellant.